UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FERRY HOLDING CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11 MC 527  RWS |
| ) | |
| STEPHEN J. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Plaintiff Ferry Holding Corporation's motions to confirm arbitration award and Defendant Stephen Williams' motion to vacate arbitration award.  The parties are engaged in an ongoing arbitration regarding Williams' alleged breach of an operating agreement.  The operating agreement was part of a transaction whereby Ferry Holding purchased Williams' majority interest in a company, IOS.

The arbitration panel hearing the parties' dispute issued an opinion on August 22, 2011 granting Ferry Holding's motion to enjoin Williams from employing or otherwise engaging the services of Kelly Steele as an officer, employee, independent contractor or otherwise.  On September 8, 2011 the arbitration panel issued an Order on Preliminary Injunction.  A full Arbitration hearing is scheduled for January 2012.

The matter has been fully brief and I heard oral argument on the pending motions on October 20, 2011.  For the reasons set forth below, I will grant Ferry Holding

Corporation's Motions to Confirm [#1, #2] and deny Williams' Motion to Vacate [#11].

**Legal Standard**

Judicial review of an arbitration award is limited. A party to an arbitration may apply for a court to confirm an arbitration at any time within one year after the award is made. 9 U.S.C. § 9. The court must grant such an motion unless the award is vacated, modified, or corrected. Id. An arbitration award may be vacated only

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 710 (8th Cir. 2011 (citing Crawford Group, Inc. v. Holekamp, 543 F.3d 971, 976 (8th Cir. 2008)). An arbitration may only be modified or corrected

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; [or] (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

A district court must afford "the arbitrator's decisions an extraordinary level of

deference and confirms so long as the arbitrator is even arguably construing or apply the contract and acting within the scope of [the arbitrator's] authority." Id.

**Discussion**

Williams argues that confirmation should be denied because the arbitration panel's order granting injunctive relief to Ferry is not a final order. Williams argues that the arbitration panel's order is not final because it indicates the injunction "shall remain in effect until the Panel issues its decision on the merits in this proceeding, unless earlier modified following motion by a party."

The parties extensively discussed this issue on the record during the hearing on October 20, 2011 and, at my request, submitted supplementary briefs addressing the effect of the modification language on the order's status as a final order. The parties have been unable to locate binding precedent on this issue. Both parties acknowledge that in general, an arbitration award must be final and definite in order to be confirmed. Both parties also agree that some district courts, have considered an arbitration order granting temporary, equitable relief to be final, for confirmation purposes.

The United States Court of Appeals for the Sixth Circuit has held that an arbitration award that "disposes of one self-contained issue, namely whether [a party] is required to perform the contract during the pendency of the arbitration proceeds" can be confirmed as a "separate, discrete, independent, severable issue." Island Creek Coal Sales Co. v. City of Gainesville, 729 F.2d 1046, 1049 (6th Cir. 1984), abrogated on other

grounds by Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co., 529 U.S. 193 (2000).  The preliminary injunction Ferry Holding seeks to confirm falls squarely within this description.  As the United States Court of Appeals for the Fourth Circuit has noted, "arbitration panels must have the power to issue temporary equitable relief in the nature of a preliminary injunction, and district courts must have the power to confirm and enforce that equitable relief as 'final' in order for the equitable relief to have teeth." Arrowhead Global Solutions, Inc. v. Datapath, Inc., 166 Fed.Appx. 39, 44 (4th Cir. 2006).

As a result, I find that the arbitration order Ferry Holding seeks to confirm is a final order that may be confirmed.

   Williams argues the preliminary injunction should be vacated because it impermissibly affects the rights of Kelly Steele, a non-party.  Williams also argues the preliminary injunction should be vacated because it is internally flawed and unenforceable as it pertains to Kelly Steele.   As discussed extensively on the record during the October 20, 2011 hearing, these arguments are unpersuasive.  The preliminary injunction restrains Williams only.  That the manner in which Williams must comply with the preliminary injunction may be difficult or costly is not a proper basis for vacating the arbitration order.  The relief Williams seeks on these bases will be denied for the reasons stated on the record.  As a result, I will deny Williams' motion to vacate.

   Because I find the arbitration panel's preliminary injunction order is a final order

and I will not vacate or modify the order, I will grant Ferry Holding's motion to confirm.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Ferry Holding Corporation's Motions to Confirm [#1 and #2] are **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant Stephen Williams' Motion to Vacate [#11] is **DENIED.**

**IT IS FINALLY ORDERED that** Defendant Williams' Motion for Extension of Time [#6] is **DENIED as moot**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2011.